UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LAM TUNG DANG,                                    2:25-cv-00355-MMD-MDC

                     Plaintiff,                    ORDER

    v.

LOANCARE, LLC, *et al.*,

                    Defendants.

## I.    SUMMARY

Pro se Plaintiff Lam Tung Dang sued Defendants Loancare, LLC, Lakeview Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc. ("MERS"), and Towne Mortgage Company for transferring the servicing of his mortgage to a new servicer. (ECF No. 1 at 17-21.) Defendants removed the case to this Court. (*Id.* at 2-4.) Before the Court is Defendants Loancare, Lakeview, and MERS' motion to dismiss. (ECF No. 3 ("Motion").)[1] As further explained below, the Court will grant the Motion, but grant Plaintiff leave to amend within 30 days since he is proceeding pro se, has not previously been granted leave to amend, and refers to a claim that is not explicitly alleged his Complaint in response to the Motion.

## II.    BACKGROUND

The following allegations are adapted from the Complaint. In connection with buying 5886 Icicle Falls Avenue, Las Vegas, Nevada, 89130 (the "Property"), Dang executed a deed of trust with Towne as the lender. (ECF No. 1 at 18-19.) In March 2024, Towne transferred the servicing of the loan to Loancare "without proper notice or recorded

---

[1]Towne joined both the Motion and the reply and is similarly situated to the other Defendants. (ECF Nos. 10, 16.) The Court accordingly refers to the collective Defendants as including Towne in this order. Dang filed a response to the Motion (ECF No. 13) and Defendants filed a reply (ECF No. 15).

1    assignments." (*Id.* at 19.) In December 2024, Dang sent what he characterizes as

2    'qualified written requests under RESPA and TILA' requesting the original, wet-ink

3    promissory note and chain of title. (*Id.*) As of January 2025, "Defendants failed to produce

4    the requested documents, leaving Plaintiff uncertain about the true ownership of the loan."

5    (*Id.*)

6        According to Dang, there are accordingly three 'procedural defects' in the

7    transferring of the servicing of his loan; (1) the promissory note was severed from the

8    deed of trust since it was never recorded in violation of NRS § 106.210; (2) the promissory

9    note and deed of trust are invalid because no representatives of the lender signed them;

10   and (3) the loan has been securitized in violation of federal regulations. (*Id.*)

11       Based on these allegations and 'procedural defects,' Dang alleges the following

12   claims: (1) quiet title; (2) declaratory relief; (3) fraudulent misrepresentation; (4) violation

13   of NRS § 106.210; (5) breach of contract; and (6) unjust enrichment. (*Id.* at 20.)

14   **III.    DISCUSSION**

15       Defendants move to dismiss all six of these claims after explaining why the

16   'procedural defects' identified in Dang's Complaint are not defects at all. (ECF No. 3.) The

17   Court begins there because it agrees with Defendants that the 'procedural defects'

18   apparently forming the basis for Dang's claims are not legally viable.

19       First, the promissory note did not need to be recorded, and a failure to record it

20   does not violate NRS § 106.210. Indeed, the Nevada Supreme Court wrote:

21       under the applicable version of NRS 106.210, there was no requirement
         that any assignment to Freddie Mac needed to be recorded. Regardless,
22       we are not persuaded that even the current version of NRS 106.210 would
         be implicated or that NRS 111.325 is implicated because there is no
23       requirement that the beneficial interest in the deed of trust needed to be
         "assigned" or "conveyed" to Freddie Mac in order for Freddie Mac to acquire
24       ownership of the loan. To the contrary, we expressly recognized in *Edelstein
         v. Bank of New York Mellon*, 128 Nev. 505, 520-21, 286 P.3d 249, 259-60
25       (2012), that MERS can serve as the record deed of trust beneficiary on
         behalf of a lender and a lender's successors, such as Universal and Freddie
26       Mac in this case. And we then clarified in *In re Montierth*, 131 Nev. 543,
         547-48, 354 P.3d 648, 650-51 (2015), that even though a promissory note
27       and accompanying deed of trust may be "split," the note nevertheless
         remains fully secured by the deed of trust when the record deed of trust
28       beneficiary is in an agency relationship with the note holder.

1  *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849 (Nev. 2019). Dang's claimed 'first

2  procedural defect' cannot accordingly give rise to any valid claims, the Court must dismiss

3  his claim for violation of NRS § 106.210, and his reliance on *Edelstein* in his response to

4  the Motion is misplaced.[2] (ECF No. 1 at 19 (describing the 'first procedural defect'), 20

5  (including a "Claim 4"); *see also* ECF No. 13 at 4 (citing *Edelstein*).)

6      Second, neither the deed of trust nor the promissory note needed to be signed by

7  an authorized representative of the lender. For example, the pertinent deed of trust

8  referred to a note only signed by Dang (ECF No. 1 at 25), and he 'accepted and agreed

9  to' the terms in the deed of trust by signing it (*id.* at 37); there is no signature block for

10 anyone from the lender. In addition, and as Defendants argue (ECF No. 3 at 5), only the

11 party against whom enforcement is sought must sign the contract under NRS §

12 104.2201(1), and that party is Dang because he signed the note and deed of trust to get

13 a loan to buy the Property. Said otherwise, the deed of trust gives the lender various rights

14 if Dang does not timely repay the loan. Only Dang had to sign. And indeed, this is typical.

15 *See Edelstein*, 286 P.3d at 254 ("Thus, the borrower, or grantor, executes both the note

16 and the deed of trust in favor of the lender, who was historically the beneficiary under

17 both, and who names a trustee on the deed of trust "to assure the payment of the debt

18 secured by the trust deed.") (citations omitted). The fact that Towne's representatives did

19 not sign the note or deed of trust cannot form the basis for viable causes of action.

20      Third, securitization cannot provide a legal basis to support any of Dang's putative

21 claims because he does not have standing to challenge any agreements between third

22 parties that securitized his loan. *See Coleman v. Bank of New York Mellon as Tr. for Am.*

23 *Home Mortg. Inv. Tr. 2004-4 Mortgaged Backed Notes, Series 2004-4*, 798 F. App'x 131,

24 132 (9th Cir. 2020) (finding that the plaintiff lacked, "standing to challenge the

25 assignments of the deed of trust or whether MERS's involvement rendered the

26 _____

27      [2]Dang otherwise relies on *Edelstein* to cast doubt on the chain of title pertinent to
    his loan because one document included a "without recourse" endorsement (ECF No. 13

28 at 4-5), but the loan at issue in *Edelstein* contained the same endorsement and the
    Nevada Supreme Court still held Bank of New York Mellon was entitled to enforce both
    the note and the deed of trust. *See Edelstein*, 286 P.3d at, 261-62.

assignments improper.") (first citing *Wood v. Germann*, 331 P.3d 859, 862 (Nev. 2014), and then citing *Edelstein*); *see also Hosseini v. Wells Fargo Bank, N.A.*, No. C-13-02066 DMR, 2013 WL 4279632, at *3 (N.D. Cal. Aug. 9, 2013) ("As recognized by numerous courts, Plaintiffs lack standing to challenge the process by which their mortgage was securitized because they were not parties to any agreements that governed the securitization of the note.").

In sum, none of Dang's purported procedural defects that—as he configured his Complaint—form the basis for his six putative claims against Defendants can give rise to cognizable causes of action. The Court will accordingly grant the Motion and dismiss Dang's Complaint in its entirety.

However, in his response to the Motion, Dang describes a 'RESPA claim' that he characterizes as plausible and unaddressed by Defendants. (ECF No. 13 at 5.) While Plaintiff included a factual allegation that he sent some requests that he characterizes as qualified written requests under RESPA in his Complaint, he did not explicitly include a RESPA violation claim in it. (ECF No. 1 at 19-20.) The Court should consider facts raised for the first time in Dang's opposition papers in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001). Dang also requests leave to amend. (ECF No. 13 at 8-9.) He has not previously been granted leave to amend. And "[t]he 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013) (citation omitted).

Considering Dang's pro se status, and because he appears to seek leave to attempt to allege a RESPA claim, the Court will grant him leave to amend within 30 days. "RESPA requires the servicer of a federally related mortgage loan to provide a timely written response to inquiries from borrowers regarding the servicing of their loans." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012) (citing the statute). "[A] borrower's written inquiry requires a response as long as it (1) reasonably identifies the

borrower's name and account, (2) either states the borrower's "reasons for the belief ... that the account is in error" or "provides sufficient detail to the servicer regarding other information sought by the borrower," and (3) seeks "information relating to the servicing of [the] loan." *Id.* at 666 (also citing the statute). That said, "letters challenging only a loan's validity or its terms are not qualified written requests that give rise to a duty to respond under" the statute. *Id.* at 667. The Court encourages Dang to keep these requirements in mind to the extent he decides to prepare an amended complaint.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered Defendants' motion to dismiss (ECF No. 3) is granted.

It is further ordered that Dang's Complaint (ECF No. 1 at 17-21) is dismissed, in its entirety. Dismissal of the claims alleged in the Complaint is with prejudice. However, the Court grants Dang leave to amend his Complaint to the extent he wishes to assert a RESPA claim within 30 days.

It is further ordered that, if Dang does not file an amended complaint within 30 days, the Court will dismiss this putative case with prejudice.

DATED THIS 6th Day of June 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE