UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAM TUNG DANG, | 2:25-cv-00355-MMD-MDC |
| Plaintiff, | ORDER |
| v. | |
| LOANCARE, LLC, *et al.*, | |
| Defendants. | |

I.    **SUMMARY**

The Court previously dismissed claims asserted in the Complaint with prejudice but granted Plaintiff Lam Tung Dang leave to file an amended complaint to assert a RESPA[1] claim. (ECF No. 23 ("Dismissal Order").) Plaintiff filed a First Amended Complaint, asserting a RESPA claim and nine additional claims for relief based essentially on the same underlying allegations. (ECF No. 25 ("FAC").) In response, Defendants Loancare, LLC, Lakeview Loan Servicing, LLC, and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") filed a motion to dismiss (ECF No. 27 ("Motion"))[2] and Defendant Towne Mortgage Company filed a motion to strike (ECF No. 26 ("Motion to Strike")). For the reasons discussed here, the Court grants the Motion and denies the Motion to Strike as moot.

II.   **BACKGROUND**

The Court incorporates the underlying background allegations summarized in the Dismissal Order. In gist, the claims arise from mortgage transactions and liens recorded on the property located at 5886 Icicle Falls Avenue, Las Vegas, Nevada. (ECF Nos. 23,

---

[1]Real Estate Settlement Procedures Act,12 U.S.C. § 2605.

[2]Plaintiff filed a response (ECF No. 31) and Defendants replied (ECF No. 32). Towne Mortgage filed a joinder to the Motion. (ECF No. 29.)

25.) The Dismissal Order granted Defendants' motion to dismiss all six claims alleged in the Complaint based on alleged defects in the transferring of the servicing of the loan and recording of the deed of trust encumbering the Property: (1) quiet title; (2) declaratory relief; (3) fraudulent misrepresentation; (4) violation of NRS § 106.210; (5) breach of contract; and (6) unjust enrichment. (ECF No. 23.) The Court dismissed these claims with prejudice, but granted Dang leave to file an amended complaint to assert only RESPA claim because Dang referenced a RESPA claim in his response to the motion to dismiss that Defendants did not address and because of Dang's *pro se* status. (*Id.* at 4.)

Dang apparently did not consider the Court's limited leave to amend his complaint. The FAC asserts ten claims, including claims the Court previously dismissed with prejudice. As noted, in response, Defendants filed the Motion and Towne Country filed the Motion to Strike the FAC for exceeding the scope of the Dismissal Order.

**III.    DISCUSSION**

Defendants argue the Court should dismiss the non-RESPA claims because these claims are outside the limited leave that the Court granted. (ECF No. 27 at 5-6.) The Court agrees. The Dismissal Order dismissed claims asserted in the Complaint with prejudice and granted Plaintiff leave to assert only a RESPA claim. Accordingly, the Court grants the Motion as to claims 2 through 10.

Defendants next argue that as to the RESPA claim, Plaintiff fails to plausibly allege a statutory violation or resulting damages. (*Id.* at 7-8.) In granting leave to amend to assert a RESPA claim, the Court provided the following guidance to Dang in light of his *pro se* status:

> "RESPA requires the servicer of a federally related mortgage loan to provide a timely written response to inquiries from borrowers regarding the servicing of their loans." *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012) (citing the statute). "[A] borrower's written inquiry requires a response as long as it (1) reasonably identifies the borrower's name and account, (2) either states the borrower's "reasons for the belief ... that the account is in error" or "provides sufficient detail to the servicer regarding other information sought by the borrower," and (3) seeks "information relating to the servicing of [the] loan." *Id.* at 666 (also citing the statute). That said, "letters challenging only a loan's validity or its terms are not qualified written requests that give rise to a duty to respond under" the statute. *Id.* at 667.

2

(ECF No. 23 at 4-5.) In the case cited in the Court's Dismissal Order, the Ninth Circuit Court of Appeals considered what constituted a qualified written request triggering a statutory duty to respond under section 2605(e). *See Medrano,* 704 F.3d at 666-67. The Ninth Circuit noted that "RESPA's provisions relating to loan servicing procedures should be 'construed liberally' to serve the statute's remedial purpose." *Id.* at 665-66 (citation omitted). Here, even liberally construing Plaintiff's allegations, the Court agrees with Defendants that the inquires he allegedly sent do not trigger a duty to respond under section 2605(e).

Plaintiff alleges that he submitted written inquiries or "Qualified Written Requests (QWRs)" to Defendants Towne Mortgage and Loan Care on December 26, 2024,[3] and again on April 28, 2025 to Defendants Loan Care and Lake View asking for the following: (a) "original, wet-ink signed promissory note"; (b) "full chain of title and all recorded assignments"; (c) "[c]ompleted payment history from inception"; (d) "GAAP-compliant accounting; and (e) "[i]dentity of current creditor and holder in due course."[4] (ECF No. 25 at 9-10.) However, Plaintiff did not receive any "acknowledgement of receipt within 5 business days, nor a compliant response within 30 business days." (*Id.* at 10.) Defendants argue that these requests do not relate to the servicing or errors in servicing of the loan and do not give rise to a duty to respond under RESPA. (ECF No. 27 at 7.) The Court agrees.

Section 2605(i)(3) defines "servicing" to mean "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of

[3]The FAC also alleges that Plaintiff submitted "Qualified Written Requests" to Towne Mortgage and Loancare on December 15, 2024 and again on December 20, 2024. (ECF No. 25 at 7.) Plaintiff sent a "final demand letter to Loancare" on April 28, 2025. (*Id.* at 9-10.)

[4]The allegations in the FAC as to item (c) are not supported by Dang's affidavit attached as Exhibit F to the FAC. In his affidavit, Dang states that the "QWRs" he sent on December 26, 2024 and April 28, 2025 demanded: "The original promissory note"; "GAAP accounting ledger"; "Full chain of title assignments"; "Evidence of servicing and ownership." (ECF No. 25 at 64.)

principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2505(i)(3). "Servicing" under this section does not cover "transactions and circumstances surrounding a loan's origination—facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement." *Medrano,* 704 F.3d at 666-67. The items listed in (a), (d) and (e) relate to loan origination, not loan servicing. As to the items in (b) for "GAAP compliant accounting" and (c) for a "complete payment history," these items may be liberally construed to relate to payments on the loan, but requesting payments in general term, without more information about any servicing error in payments, does not trigger a duty to respond under section 2605(e).

In sum, the Court agrees with Defendants and will grant their Motion. The Court denies the Motion to Strike as moot.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 27) is granted. The Court dismisses the First Amended Complaint (ECF No. 25) with prejudice.

It is further ordered that Defendant Towne Country's motion to strike (ECF No. 26) is denied as moot.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 29th Day of January 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4